UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Christopher Ivey and Eugene Banks,     Civ. No. 18-1429 (PAM/DTS)

        Plaintiffs,

v.                                         **ORDER**

Nancy Johnston,

        Defendant.

---

This matter is before the court on the October 15, 2018, Report and Recommendation ("R&R") of United States Magistrate Judge David T. Schultz. (Docket No. 40.) The R&R recommended that Plaintiffs' Motion for Preliminary Injunction be denied. Plaintiffs filed timely objections to the R&R.

The Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b). Based on that de novo review, and for the reasons set forth below, the Court overrules Plaintiffs' objections and adopts the R&R.

Plaintiffs are civilly committed residents of the Minnesota Sex Offender Program ("MSOP"). They claim that MSOP policies which completely restrict residents' internet access and partially restrict their television access violate their First Amendment free speech and voting rights under the Minnesota and United States Constitutions. Plaintiffs desire access to the internet and additional television channels so that they may become "informed voters." Plaintiffs request a mandatory preliminary injunction requiring MSOP to grant them access to these websites and televisions before the November 6,

2018, general election. A preliminary injunction is already an extraordinary remedy, but the burden becomes even higher when a party requests a mandatory preliminary injunction, requiring an alteration of the status quo. See Sanborn Mfg. Co. v. Campbell Hausfeld/Scott Fetzer Co., 997 F.2d 484, 486 (8th Cir. 1993); see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 879 (9th Cir. 2009). The R&R concluded that Plaintiffs had failed to satisfy the required factors for a preliminary injunction, namely a likelihood of success on the merits and a demonstration that irreparable injury will occur in the absence of an injunction.

Plaintiffs raise three objections to the R&R. First, they argue that the R&R failed to account for the inadequacy of phone and mail as a medium to obtain political information, and failed to consider the excessive nature of a ban on all internet access. They claim that these restrictions violate their free speech rights. However, the existence of more convenient mediums of information does not mean that Plaintiffs are likely to succeed on the merits. As stated in the R&R, courts in this District have applied a modified version of the test announced by the Supreme Court in Turner v. Safley, 482 U.S. 78 (1987) when considering constitutional claims of a civilly committed person. "Turner places the burden on Plaintiffs to show, among other things, that a challenged policy lacks a 'valid rational connection' to a legitimate government interest and that the challengers lack 'an alternative means of exercising [their] constitutional right.'" Ortiz v. Fort Dodge Corr. Facility, 368 F.3d 1024, 1026 (8th Cir. 2004). MSOP officials state that the internet ban and television-channel restrictions serve to protect minors and ensure that residents are not exposed to stimuli that may harm their rehabilitation efforts. (See

2

Hébert Aff. (Docket No. 34) ¶¶ 4-6.)  This is certainly a legitimate government interest, and the policy and interest share a valid rational connection.  Plaintiffs also have not contested that they have an alternate means of accessing political information.  Plaintiffs have access to mail, telephone, newspapers, magazines, radio, and some television channels. (Def.'s Opp'n Mem. (Docket No. 33) at 11.)  Because political information is readily available in these mediums, Plaintiffs have an "adequate alternative" for informing themselves.

Plaintiffs argue that the complete ban on internet usage is excessive, and that the technology exists to allow them access to certain websites while restricting their access to others.  However, the fact remains that Plaintiffs are considered "sexually dangerous persons," which has led to their confinement.  (Id. at 1.)  Such individuals have liberty interests "considerably less than those held by members of free society."  Senty-Haugen v. Goodno, 462 F.3d 876, 886 (8th Cir. 2006).  Additionally, as Plaintiffs concede, the means used to further the government interest at issue need not be the least restrictive to achieve that interest.  (See Pl's Obj. Mem (Docket No. 42) at 5.)  Plaintiffs have failed to demonstrate that the MSOP policy violates the Turner standard, and therefore they are not likely to succeed on the merits of their free-speech claims.

Second, Plaintiffs argue that the R&R erred by holding that the "right to be informed politically" is not a right protected by the Constitution, and that the MSOP policy does not violate Plaintiffs' right to vote.  Plaintiffs seem to argue that the right to be an informed voter is part of the right to vote.  However, the cases Plaintiffs cite in support of this proposition either fail to assert what Plaintiffs claim or involve the right to

cast a vote. Plaintiffs do not argue that they are denied the right to cast a vote, and in fact they have voted routinely and have been involved in political processes in the past. (See Def.'s Opp'n Mem. at 2.) In any event, Plaintiffs cannot show that any "right to be informed politically" has been violated; Plaintiffs have access to sufficient information to inform themselves.

Third, Plaintiffs argue that the R&R erred by failing to appropriately apply the Supreme Court's holding in Packingham v. North Carolina, 137 S. Ct. 1730 (2017); Plaintiffs argue that the holdings in Packingham and similar cases show that they are likely to succeed on the merits. However, as stated in the R&R, Packingham and related cases Plaintiffs cite are distinguishable. The statute at issue in Packingham prevented all registered sex offenders in the state of North Carolina from accessing certain social media cites, including individuals "no longer subject to the supervision of the criminal justice system." Packingham, 137 S. Ct. at 1737. Plaintiffs are in confinement, and are therefore subject to different standards; Packingham does not apply.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The R&R (Docket No. 40) is **ADOPTED**; and

2. Plaintiffs' Motion for Preliminary Injunction (Docket No. 11) is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 5, 2018

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge