UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Christopher Ivey and Eugene Banks,   Civ. No. 18-1429 (PAM/DTS)

                Plaintiffs,

v.   **MEMORANDUM AND ORDER**

Nancy Johnston,

                Defendant.

This matter is before the court on the July 24, 2019, Report and Recommendation ("R&R") of United States Magistrate Judge David T. Schultz. (Docket No. 61.) The R&R recommends that Defendant Nancy Johnston's Motion to Dismiss be granted in part and denied in part. Johnston filed timely objections to the R&R. The Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b).

**BACKGROUND**

The full factual background of this matter is set forth in the R&R. Plaintiffs are civilly committed residents of the Minnesota Sex Offender Program ("MSOP"). They bring this lawsuit pursuant to 42 U.S.C. § 1983 against Nancy Johnston, Executive Director of MSOP, in both her individual and official capacity. Plaintiffs claim that MSOP policies which completely restrict residents' internet access and partially restrict their television access violate their First Amendment free speech rights under the Minnesota and United States Constitutions. Plaintiffs seek a declaration that Johnston's

policies against internet and television access violate their rights and an injunction prohibiting continued enforcement of these polices.

Johnston moves to dismiss Plaintiffs' Complaint, alleging: (1) there is no private cause of action under the Minnesota Constitution; (2) Plaintiffs fail to state a claim for which relief can be granted under the First Amendment; (3) Plaintiff Eugene Banks is barred from re-litigating either of his First Amendment claims; and (4) Johnston is entitled to qualified immunity in her individual capacity. The R&R recommends dismissing Banks from the matter entirely, as his claims are barred by res judicata. Further, the R&R recommends dismissing the state constitutional claims and the claims against Johnston in her individual capacity, while allowing Plaintiff Christopher Ivey's First Amendment claims to proceed.

Neither party objected to the R&R's recommendations regarding the dismissal of Banks, the dismissal of the state constitutional claims, or the dismissal of the claims against Johnston in her individual capacity. Accordingly, the Court adopts those recommendations. Johnston filed objections to the R&R's recommendation that Ivey has sufficiently pleaded claims under the First Amendment to survive dismissal. Johnston contends that Plaintiffs' arguments have already been heard and decided in her favor in this District, and that there is no constitutional violation in any event because MSOP's content restrictions are tied to legitimate government interests. Based on de novo review, and for the reasons set forth below, the Court overrules Johnston's objections and adopts the R&R.

**DISCUSSION**

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept plausible factual allegations as true. Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim. Iqbal, 556 U.S. at 678. Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Courts in this District have applied a modified version of the test announced by the Supreme Court in Turner v. Safley, 482 U.S. 78 (1987) when considering constitutional claims of a civilly committed person. "Turner places the burden on Plaintiffs to show, among other things, that a challenged policy lacks a 'valid rational connection' to a legitimate government interest and that the challengers lack 'an alternative means of exercising [their] constitutional right.'" Ortiz v. Fort Dodge Corr. Facility, 368 F.3d 1024, 1026 (8th Cir. 2004).

Although Johnston is correct that other Courts is this District have found constitutional limitations on an MSOP detainee's internet and television access under Turner, there is a meaningful procedural distinction between those matters and the instant case. As aptly stated by another Court in this District,

> Defendants rely heavily on Banks v. Jesson, in which the court addressed a plaintiff's Section 1983 claim that MSOP's confiscation of certain media items violated his First Amendment rights . . . Because Banks was at the summary judgment stage, the court had a fully developed record on which to assess Banks' claims. Here, the magistrate judge expressly—and correctly—distinguished Banks, explaining that because this case is before the Court on Defendants' motion to dismiss, there is no record on which to conduct a Turner analysis.

Stone v. Jesson, No. 11cv0951, 2017 WL 1050393, at *4 (D. Minn. Mar. 17, 2017) (Wright, J.) The same situation is present here. Further analysis of the First Amendment implications of a wholesale internet ban is necessary, but inappropriate at the motion-to-dismiss stage with the limited factual record before the Court. Although the Court has already undertaken a limited Turner analysis in this matter when considering Plaintiffs' request for a preliminary injunction (Docket No. 43 at 3), that process was circumscribed by very different legal standards and under a preliminary factual record unlike what the Court would be presented with at a later stage in this litigation. It may well be that Plaintiffs have no cognizable First Amendment claim, but that determination must await summary judgment.

Johnston maintains that there are no constitutional concerns raised in this matter whatsoever, rendering further analysis unnecessary. But the cases she cites are distinguishable. While the Eighth Circuit and Courts in this District have addressed

4

computer use by MSOP detainees, these Courts either addressed those issues at a later stage in litigation or have not specifically addressed the constitutional implications of a wholesale ban on internet access.[1] And while Johnston is correct that MSOP detainees have liberty interests "considerably less than those held by members of free society," Senty-Haugen, 462 F.3d at 886, the civilly committed are not completely barred "from the protections of the Constitution." Turner, 482 U.S. at 84.

Therefore, the only question the Court need address is whether Ivey has brought forth sufficient facts to state a plausible claim for relief. Johnston has not challenged the sufficiency of Ivey's pleadings under Twombly or Iqbal. And First Amendment protections extend to speech distributed over the internet and via television. (R&R at 8-10, 14.) Here, Ivey alleges that a Government actor is depriving him of access to certain forms of speech that the Constitution protects. Ivey has also alleged that Johnston has a personal involvement in the alleged deprivation, as required under Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). Therefore, accepting Ivey's factual allegations as true, he has stated a claim for relief that is plausible on its face. The Court therefore overrules Johnston's objections and adopts the R&R.

---

[1] See Senty-Haugen v. Goodno, 462 F.3d 876, 886 n.7 (8th Cir. 2006) (addressing deprivation of computer privileges at MSOP, not a complete ban of internet access); Ivey v. Mooney, No. 05cv1215, 2006 WL 618110, at *2, 6 (D. Minn. Mar. 9, 2006) (Rosenbaum, J.) (regarding the right of MSOP clients to scan and store documents on a computer); Pyron v. Ludeman, Nos. 10cv3459, 10cv4236, 2011 WL 3293523, at *5 (D. Minn. June 6, 2011) (Graham, M.J.) (regarding the "right to store electronic information in a particular medium and in an unlimited amount."); Banks v. Jesson, No. 11cv1706, 2016 WL 3566207, at *9-10 (D. Minn. June 27, 2016) (Nelson, J.) (decided on summary judgment after consideration of Turner factors); Banks v. Jesson, No. 11cv1706, 2011 WL 6275960, at *1 (D. Minn. Dec. 15, 2011) (Davis, J.) (decided on summary judgment with a more complete factual record).

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The R&R (Docket No. 61) is **ADOPTED**;

2. Defendant's Motion to Dismiss (Docket No. 18) is **GRANTED in part** and **DENIED in part**;

3. To the extent Plaintiffs' claims arise under the Minnesota state constitution, those claims are **DISMISSED**;

4. Plaintiff Banks is **DISMISSED** as a plaintiff in this action; and

5. All claims against Defendant Johnston in her personal capacity are **DISMISSED**.

Dated: August 23, 2019

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge